# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**HALA FARID,**

    **Plaintiff,**

**vs.**                                           **Case No. 4:19cv60-RH-MAF**

**LOUIS DEJOY, in his official capacity as POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff timely filed her first amended complaint, ECF No. 17, on January 5, 2022, in compliance with the deadline provided by United States District Judge Robert L. Hinkle. ECF No. 14. On the following day, Plaintiff filed a motion requesting leave to amend the complaint, ECF No. 18. As Plaintiff simultaneously submitted the proposed second amended complaint with her motion, ECF No. 19, Plaintiff's motion was granted in accordance with Federal Rule of Civil Procedure 15. ECF No. 20.

Plaintiff's second amended complaint, ECF No. 19, has now been reviewed to determine if it complies with Judge Hinkle's Order, ECF No. 14, and is sufficient to direct service of process.  In particular, Plaintiff was required to present factual allegations of discrimination "that occurred on or after December 10, 2018."  ECF No. 14 at 9.  That is so because this is Plaintiff's fourth case against her former employer, the Postmaster General.  *See* ECF No. 14 at 2-3.

In this version of her complaint, Plaintiff alleged "background" facts concerning events between April 5, 2014, through November of 2017.  ECF No. 19 at 2-4.  Plaintiff's "statement of the ultimate facts" then presented allegations concerning events that occurred between 2016 and January of 2018.  *Id.* at 4-6.  She further alleged that her termination "was successfully completed by the end of 2017."  *Id.* at 4.  The second amended complaint does not comply with Judge Hinkle's Order, nor does it appear that Plaintiff could do so if her employment was terminated in 2017.  This case should be summarily dismissed with prejudice because her claims are barred by the rule against claim-splitting, as Judge Hinkle's Order clearly explained to Plaintiff.  ECF No. 14 at 5-6.

The rule against claim-splitting prevents a litigant from proceeding with claims in piecemeal fashion.  <u>Vanover v. NCO Fin. Servs., Inc.</u>, 857 F.3d 833, 841 (11th Cir. 2017).  The doctrine conserves judicial resources by ensuring a plaintiff does not split up her claims into multiple cases. Thus, a plaintiff cannot file a second suit before a first suit has reached a final judgment, <u>Shannon v. Nat'l R.R. Passenger Corp.</u>, 780 F. App'x 777, 779 (11th Cir. 2019), or as it pertains to this situation, Plaintiff cannot file a fourth case while the third case is still pending.

A two-part test is used to determine whether the claim splitting doctrine precludes a plaintiff from raising claims in a second lawsuit.  First, the court must consider "whether the case[s] involve[ ] the same parties and their privies."  <u>Vanover</u>, 857 F.3d. at 841-42.  Here, the answer here is yes.  Plaintiff Hala Farid has sued the United States Postmaster General in both the 2018 and 2019 cases.  Second, it must be determined "whether the cases 'arise from the same transaction or series of transactions' — in other words, whether they are 'based on the same nucleus of operative facts.'"  <u>Id.</u> at 842 (quoted in <u>Shannon</u>, 780 F. App'x at 779).  Again, the answer is yes.  Both this case and Plaintiff's 2018 case present claims of alleged discrimination and retaliation by Plaintiff's former employer, the

Postmaster.  Plaintiff is not attempting to raise new and independent

claims.  Both cases assert the same claims of discrimination based on

Plaintiff's race (White), national origin (Egyptian), disability, and retaliation

for reporting discrimination.  *Cf.* ECF No. 19 at 2 in this case; ECF No. 79

at 1-2 in case # 4:18cv566.

Plaintiff's 2018 case is still pending.  *See* case # 4:18cv566.  Plaintiff

filed a second amended complaint, ECF No. 79, in that case and

Defendant's motion to dismiss, ECF No. 82, is pending.  Plaintiff was

permitted to pursue claims in that case which occurred after December 3,

2012, which is the date she filed her first action (case # 4:12cv621) against

the Defendant.  *See* ECF No. 14 at 2, 8-9.  However, because Plaintiff filed

her third case (case # 4:18cv566) against the Defendant on December 10,

2018, Plaintiff cannot pursue claims in this 2019 case that occurred prior to

December 10, 2018.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that

Plaintiff's second amended complaint, ECF No. 19, be **DISMISSED** with

prejudice as the claims violate the rule against claim-splitting.

**IN CHAMBERS** at Tallahassee, Florida, on February 16, 2022.


S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**